UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS JACKSON,

                          Plaintiff,

          -against-

A. POLIZZI; JAMIE M. LAMANNA; T.
BROOKS; D. VENETTOZZI,

                          Defendants.

20-CV-3105 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

     Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants violated his due process rights in connection

with his 2017 Tier III disciplinary hearing. Named as Defendants are Sergeant T. Brooks of Sing

Sing Correctional Facility; Hearing Officer A. Polizzi and Superintendent Jamie LaManna of

Shawangunk Correctional Facility; and D. Venettozzi, of the New York State Department of

Corrections and Community Supervision. For the following reasons, the Court directs Plaintiff to

show cause, by written declaration, why this action should not be transferred to the United States

District Court for the Northern District of New York.

## DISCUSSION

     Under the general venue provision, a civil action may be brought in:

     (1) a judicial district in which any defendant resides, if all defendants are residents
     of the State in which the district is located;

     (2) a judicial district in which a substantial part of the events or omissions giving
     rise to the claim occurred . . . ; or

     (3) if there is no district in which an action may otherwise be brought as provided
     in this section, any judicial district in which any defendant is subject to the court's
     personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this complaint regarding his Tier III disciplinary hearing, which appears to have taken place in Ulster County, New York. Plaintiff alleges that Defendant A. Polizzo, the hearing officer for the Tier III disciplinary hearing, is at Shawangunk Correctional Facility in Ulster County. Defendant LaManna, the Superintendent to whom Plaintiff appealed, is also at Shawangunk Correctional Facility. Plaintiff filed an Article 78 proceeding in the Supreme Court of the State of New York, Ulster County, to challenge the disciplinary determination. *See Jackson v. Annucci*, 171 A.D.3d 1381 (2019) (dismissing petition as moot because "the determination has been administratively reversed"). The Northern District of New York is the federal judicial district for Ulster County. *See* 28 U.S.C. § 112(a).

Plaintiff also names Defendant Brooks of Sing Sing Correctional Facility, in Westchester County, New York, which is within the Southern District of New York. It appears that Plaintiff may have had a disciplinary hearing in Ulster County, New York, based on his alleged misbehavior at Sing Sing Correctional Facility. Because Plaintiff asserts claims that the disciplinary proceedings violated his due process rights, and the disciplinary proceedings apparently took place in Ulster County, it appears that venue lies in the Northern District of New York.

Even if venue were also proper in this district, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

The Court therefore directs Plaintiff, within 30 days of the date of this order, to submit a declaration explaining where the events giving rise to his claims took place. The Court further directs Plaintiff to include in his declaration any reason why this action should not be transferred to the Northern District of New York, based on the fact that a substantial part of the events or omissions giving rise to his claims appear to have taken place at Shawangunk Correctional Facility, in Ulster County, New York.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court directs Plaintiff, within 30 days of the date of this order, to submit a written declaration explaining where the events giving rise to his claims took place and any reason why this action should not be transferred to the Northern District of New York. A declaration form is attached to this order.

A summons shall not issue from this Court at this time.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 10, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-

Case No. _____ CV _____

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                Signature

_____          _____
Name                                        Prison Identification # (if incarcerated)

_____          _____   _____   _____
Address                          City              State       Zip Code

_____          _____
Telephone Number (if available)            E-mail Address (if available)