UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS JACKSON,

                Plaintiff,

-against-

A. POLIZZI, COMMISSIONER HEARING OFFICER; JAMIE M. LAMANNA, SUPERINTENDENT; T. BROOKS, SERGEANT; D. VENETTOZZI, DIRECTOR OF SPECIAL HOUSING UNIT,

                Defendants.

**ORDER OF SERVICE**

20-CV-03105 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that he was denied due process in a Tier III disciplinary hearing arising from a misbehavior report against him at Sing Sing Correctional Facility. By order dated May 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

### A.  Service on Named Defendants

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants A. Polizzi; Superintendent Jamie M. LaManna; Sergeant T. Brooks; and D. Venettozzi through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.  Court-Ordered Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service

of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. Local Civil Rule 33.2 applies to this action.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants A. Polizzi; Superintendent Jamie M. LaManna; Sergeant T. Brooks; and D. Venettozzi and deliver to the U.S. Marshals Service all documents necessary to effect service.

**SO ORDERED:**

Dated:   New York, New York
         July 27, 2020

_____
PHILIP M. HALPERN
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. A. Polizzi, Hearing Officer
   Shawangunk Correctional Facility
   200 Quick Road. P. O. Box 750
   Wallkill, NY 12589-0750

2. Superintendent Jamie M. LaManna
   Shawangunk Correctional Facility
   200 Quick Road. P. O. Box 750
   Wallkill, NY 12589-0750

3. Sergeant T. Brooks
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562

4. D. Venettozzi
   DOCCS
   Bldg 2., 1220 Washington Ave., State Campus
   Albany, New York 12226-2050